JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams., Ste. 201
Phoenix, Arizona 85007
Telephone: (602) 382-2700

Susan E. Anderson; #020343
Asst. Federal Public Defender
Attorney for Defendant
susan_anderson@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>vs.<br><br>Philip Ticktin,<br><br>      Defendant. | No. CR-09-1521-PHX-SRB<br><br>**RULE 41(g) MOTION FOR RETURN OF PROPERTY** |

      Philip Ticktin, through undersigned counsel, respectfully moves this Court for an Order requiring the Federal Bureau of Investigation (FBI) to return his seized property, a Ruger revolver, by releasing it to the individual to whom Mr. Ticktin gifts or sells the property.

      Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). In order for the United States to legally retain seized property after a defendant submits any motion under Rule 41 for return of property, it has the burden to prove that it still needs to maintain possession. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). Even in cases where the government proves the property was legally seized, "[w]here the

government no longer needs the property as evidence, the defendant is presumed to have the right" to its return. *United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir. 1996). The Seventh Circuit has recently held that a defendant can retain a property interest in firearms even though his possessory interest may be curtailed by a felony conviction, entitling the defendant to relief under Rule 41(g) in the form of having the government sell the firearms for the defendant's benefit or offering the defendant some other lawful option (such as allowing the defendant to gift the weapons to a third party or put them into trust). *United States v. Miller*, 588 F.3d 418, 418-20 (7th Cir. 2009).

Here, the Ruger revolver was seized by the FBI on December 9, 2009 when agents arrested Mr. Ticktin pursuant to the indictment in this case. Mr. Ticktin purchased the revolver at Sportsman's Warehouse for over $400 and is its rightful owner. He legally possessed it prior to his arrest. The revolver was not the subject of the charges or of any allegation or order of forfeiture. The case has now concluded and there is no longer any basis for the FBI to hold the property – assuming there ever was such a basis. Although Mr. Ticktin is now a felon and cannot personally possess the revolver, he nevertheless retains his ownership interest in the revolver. As its rightful owner, he wishes to direct its disposition – whether by gift or sale – to another. His current plan is to sell the revolver. The FBI has continued to deprive Mr. Ticktin of his property, despite repeated notice that Mr. Ticktin wishes to transfer its ownership and possession to another. Mr. Ticktin is aggrieved by the loss of the ability to dispose of his own property, including by sale to recover his investment.

Despite efforts by Mr. Ticktin ever since his sentence in June to work with the FBI for the transfer of the revolver to a suitable designee, the FBI has

refused to cooperate. In particular, the arresting agent indicated that he did not wish to relinquish the FBI's possession of the weapon and was searching for a way to avoid this result. Recently, the FBI has begun abandonment procedures with respect to the revolver, despite the fact that the property is neither abandoned nor unclaimed. Although there is purportedly a method for claiming this so-called abandoned or unclaimed property before title vests in the United States, there is little reason for Mr. Ticktin to have confidence that this procedure will allow for his gift or sale of the revolver in a timely manner, if at all. Hence, this request under Rule 41(g) for a Court order directing such a result.

Respectfully submitted: October 19, 2010.

JON M. SANDS
Federal Public Defender

 *s/Susan E. Anderson*
SUSAN E. ANDERSON
Asst. Federal Public Defender

A copy of the foregoing
mailed/delivered this 20th day
of May, 2010, to:

CLERK'S OFFICE
Sandra Day O'Connor Courthouse
401 W. Washington, Suite 160
Phoenix, Arizona 85003

LISA SETTEL
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue
Suite 1200
Phoenix, Arizona 85004-4408

PHILIP TICKTIN
Defendant

 */sea*
sea