DENNIS K. BURKE
United States Attorney
District of Arizona

LISA J. SETTEL
Lisa.Settel@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | No. CR-09-01521-PHX-SRB |
| v. | **GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT TICKTIN'S MOTION FOR RETURN OF PROPERTY** |
| Philip Ticktin, | |
| Defendant. | |

The United States respectfully submits this supplemental response to the defendant's Rule 41(g) Motion for Return of Property as ordered by this Court.

**1. BACKGROUND**

In 2007, defendant lawfully purchased a Ruger .357 Magnum (subject firearm). This firearm was seized by the Federal Bureau of Investigation (FBI) on December 10, 2009, at the time of defendant's arrest. On May 27, 2010, defendant was convicted in the present case. Such felony conviction made defendant a prohibited possessor of firearms. On September 22, 2010, FBI initiated its abandonment process on the subject firearm and on October 6, 2010, defendant timely responded to FBI's letter claiming the subject firearm and providing proof of purchase. On November 22, 2010, FBI denied defendant's claim for the subject property on the basis that he is now a convicted felon and cannot possess a firearm. FBI also declined to release the firearm to a third party or to sell it.

**2. CASE LAW**

FBI based its decision on *United States v. Felici*, in which the Eighth Circuit declined to return firearms to a convicted felon or have the firearms held in trust by a third party. 208 F.3d

667, 670 (8th Cir. 2000). *Felici* based its decision on *United States v. Sample*, which prohibits both actual and constructive possession by a convicted felon. 136 F.3d 562, 564 (8th Cir. 1998). See also, *United States v. Howell*, 425 F.3d 971, 976-77 (11th Cir. 2005) (Convicted felons may not constructively possess firearms.) However, the Seventh Circuit concluded that a firearm belonging to a convicted felon who lawfully possessed it at the time of seizure could be gifted to a three party as long as that transferee owned the firearms completely and neither returned the firearms to the prohibited possessor nor followed any instructions given by prohibited possessor as doing so would give prohibited possessor constructive possession. See *United States v. Miller*, 588 F.3d 418, 419-20 (7th Cir. 2009).

At least two district courts within the Eighth Circuit have distinguished themselves from *Felici*. A district court in the Northern District of Iowa found that a defendant who lawfully possess a firearm at the time of its seizure could designate a third party possessor. *United States v. Parsons*, 472 F. Supp.2d 1169 (N.D. Iowa 2007) (*Parsons* lawfully possessed collection of firearms at the time of their seizure and the district court allowed relinquishment of firearms to third party who would independently determine the weapons' disposal.) Further, in *United States v. Approximately 627 Firearms*, 589 F.Supp.2d 1129 (S.D. Iowa 2008), the district court followed *Felici* in finding a few specific non-forfeitable weapons could neither be returned to the convicted felon nor conveyed to his designee but it did ordered them sold. *United States v. Approximately 627 Firearms, More or Less*, 589 F.Supp.2d at 1139 ("[T]he "indicia of ownership' necessary to transfer ownership of the seized firearms, however slight, constitutes constructive possession . . .")

There is no controlling precedent in the Ninth Circuit regarding this issue. However, a district court within the Ninth Circuit followed *Felici* and *Howell* in an unpublished decision in *United States v. Pawlik*, 2008 WL 2184400 (D. Idaho May 23, 2008) and declined to return the defendant's firearms.

## 3. CONCLUSION

The United States cannot support the notion that the subject firearm was abandoned. It was always clear that defendant desired the return of his firearm and its subsequent sale. In addition, forfeiture was never initiated as there is no statute under which the firearm may be forfeited. Now that FBI has made a decision regarding defendant's claim, the Rule 41(g) motion is ripe. Under the current state of the law, the United States will take no position on defendant's motion.

Respectfully submitted this 7th day of January, 2011.

DENNIS K. BURKE
United States Attorney
District of Arizona

*/s Lisa J. Settel*

LISA JENNIS SETTEL
Assistant U.S. Attorney

Certificate of Service:

I certify that on today's date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Susan Anderson, Attorney for defendant

3